## DAN BRYNING v. THE STATE.

No. 12734.   Delivered November 6, 1929.
Rehearing denied December 4, 1929.

The opinion states the case.

*W. S. Moore* and *J. T. Adams,* of Gainesville, for the appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MORROW, Presiding Judge.—The offense is the unlawful transportation of intoxicating liquor; punishment fixed at confinement in the penitentiary for a period of three years.

An officer, having a search warrant to search the appellant's car, stationed himself upon a road to intercept the appellant who was riding in his automobile. The appellant speeded up his car and passed the officer. He was pursued, and during the pursuit, there were thrown from his car a quantity of broken fruit jars in tow sacks. The sacks were saturated with whisky. These were picked up after the appellant was overtaken and arrested. There were two other persons in the car with the appellant with whom the officer was not acquainted.

Besides showing that he had made application for a subpœnæ for the two witnesses who had not been found, no testimony is introduced in behalf of the appellant. The absence of a file mark upon the bills of exceptions precludes their consideration as a basis for a reversal. An examination of them has been made, however, and the following comments relating to them reflect the views of the court:

The evidence that sacks saturated with whisky and containing broken bottles were thrown from the appellant's automobile was relevant and properly received.

The request for a charge instructing a verdict of acquittal was properly refused.

The remark of counsel for the State replying to that of appellant's counsel touching the persons who were in the appellant's car, was not of a nature authorizing a reversal, particularly as there was no request to withdraw it.

The application for a continuance was lacking in diligence. It is made evident by the affidavit of the absent witnesses that they would not give the testimony set up in the bill.

The foregoing applies to Bills Nos. 1 to 6 inclusive.

The sacks having been thrown from the appellant's car, their condition showing broken bottles in them and whisky on the sacks was obviously relevant and properly received.

Bills Nos. 8 and 9 relate to the argument of the district attorney. Neither of them shows error.

In Bill No. 10 complaint is made of the refusal of Special Charges 1 to 6 inclusive. The bill is quite inadequate to present any question as it fails to state in substance or effect any of the charges mentioned. The several special charges requested have been examined. One of them seeks to have the court direct an acquittal. The

others seek to direct an acquittal unless they believed that the whisky belonged to the defendant or if they believed it belonged to the other occupants of the car or was in the car without the appellant's knowledge. In refusing the charges, no error was shown.

The court instructed on the law of principals. The appellant and his companion were in the car together. No evidence was introduced by the accused and none is perceived in the record upon which to base the charge requested.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant renews insistence that the court should have granted him a continuance. We can not review the refusal of a continuance in the absence of a proper bill of exceptions. The matter is referred to in the original opinion.

The complaint directed at the charge because of its failure to submit the law of circumstantial evidence, could be of no avail for two reasons: First, the case does not appear to be one upon circumstantial evidence, and, second, there was no exception to the charge of the court for failing to submit same. The case seems one very plain upon its facts. Appellant was driving toward the officers, and upon observing them and that they were trying to get him to stop his car, he not only quickened the speed of his car but appears to have tried to run it over the officers, and he ran away at a very rapid speed. The officers had a better car and overtook him. In his flight two sacks containing fruit jars with liquor in them were thrown from the car. The officers' testimony states that the sacks were thrown from the car by appellant. This makes out the case charged in the indictment. We are of opinion the case was properly decided, and that the motion is without merit.

The motion for rehearing is overruled.

*Overruled.*